JOHN J. A. PRATT *vs.* INHABITANTS OF COHASSET.
LILLIAS F. PRATT *vs.* SAME.

Norfolk.    November 23, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Loose gravel placed upon a highway for the purpose of repairing it, incompletely graded and not guarded by any barrier or marked at night by any light, may constitute a defect for which a town is liable, and, if the gravel was placed there under the orders and with the knowledge of the chairman of the selectmen who was also the superintendent of streets of the town, it properly may be found, that the town had such means of knowledge as would charge it with the duty either of removing the danger or giving warning of it.

TWO ACTIONS OF TORT to recover damages sustained by reason of an alleged defect in a highway in Cohasset, in the first case for injuries to a horse and carriage owned by the plaintiff, and in the second case for personal injuries sustained by the plaintiff Lillias, a minor child of the plaintiff in the first case.    Writs dated March 28, 1899.

At the trial in the Superior Court, before *Mason*, C. J., without a jury, it appeared that the accident happened between seven and eight o'clock P. M. on November 7, 1898, about a mile from Cohasset village, on a highway known as Beechwood Street. The material portions of the evidence are described in the opinion of the court.

At the close of the evidence the defendant, among other requests, asked the Chief Justice to rule, that it could not be found on the evidence that the horse was driven with due care; that, if the way at the time of the accident was defective, there was no evidence that the town had such notice that it could with reasonable diligence have remedied the defect; and that upon all the evidence the plaintiff was not entitled to recover. These requests were refused by the Chief Justice.

The defendant also asked for a ruling that, upon the evidence, the repairs were made properly upon the highway, and the placing of loose gravel thereon did not constitute a defect therein. As to this request the Chief Justice said: " This would be correct, assuming that reasonable lights or barriers were provided for the protection of travellers."

The Chief Justice found for the plaintiff in each case, in the sums of $10 in the first and $1,200 in the second case. The defendant alleged exceptions.

*B. L. M. Tower*, for the defendant.

*J. F. Simmons*, for the plaintiffs.

BARKER, J. These cases were tried by the Chief Justice of the Superior Court, without a jury.

It is contended in support of the defendant's exceptions that it could not be found upon the evidence that the team was driven with due care, nor that the defendant was guilty of negligence.

The defect in the way consisted of loose gravel freshly put upon the travelled path, and not guarded by any barrier or marked by any light. For some days a workman employed for that purpose by the superintendent of streets, who was also chairman of the selectmen, had been placing gravel upon the travelled path. This was known to the driver of the team and to the plaintiff in the second case, who received personal injuries. Notwithstanding this knowledge it was competent for the presiding justice to find that the driver and those who were with him in the wagon were in the exercise of due care. *Pomeroy* v. *Westfield*, 154 Mass. 462. While the evidence as to the speed at which the team was travelling was to some degree conflicting there was testimony that it was not fast, and that the driver was on the lookout for the gravel. Upon the evidence the question of due care of the travellers was one of fact.

The defendant's evidence tended to show that the gravel was smoothly spread and eight or ten inches deep in the middle of the road, sloped to an inch in depth at the sides and with an incline of five or six feet sloping down to nothing toward that part of the road not yet covered. But there was also testimony that the drop from the surface of the fresh gravel to that of the part of the road not covered was eight or nine inches, not a straight drop, but sloped about as gravel would be from its own gravity, and also that the height of the gravel was thirteen inches with a slope of two or three feet.

As the gravel was placed upon the road under the orders and with the knowledge of the person who was both chairman of the selectmen and superintendent of streets, we think it was competent to find, both that it was so placed as to constitute a defect and that the town had such means of knowledge as would charge it with the duty, either of remedying the defect or of giving warning, and that the defendant was liable.

*Exceptions overruled.*