SELMA ZEGEER *vs*. BARRETT MANUFACTURING COMPANY.
ABRAHAM ZEGEER *vs*. SAME.
MARIANNA KUMMER *vs*. SAME.

Suffolk.   January 16, 1917. — February 28, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Of contractor under control of public officer, In failing to warn travellers of slippery substance spread on highway.   *Motor Vehicle.*

It here was *assumed*, without deciding it, that the driver of a motor truck engaged in distributing tarvia on a highway in the State of Maine was acting under the control of the highway commission of that State and that his employer would not be liable for his alleged negligence in spreading too thick a layer of the slippery substance.

One who spreads on a public highway a thick and slippery layer of tarvia covering the entire width of the road and who has assumed the duty of warning the travelling public of such a dangerous condition of the road by posting suitable signs at proper places, if he fails to post any such signs and, after spreading the slippery substance, leaves the road open for travel with a stretch of half a mile unsanded and unguarded, is liable to a traveller on the highway who sustains personal injuries and damage to his property by reason of the skidding of his motor car caused by such negligent lack of proper warning.

THREE ACTIONS OF TORT, all against a corporation having a usual place of business in Boston, the first and second for personal injuries and damage to property and the third for personal injuries, all alleged to have been caused by the negligence of the defendant in carelessly and without any warning to travellers depositing "oil, tarvia or other dangerous substance" on a public highway in the town of Kittery in the State of Maine known as the State Road on May 21, 1915, whereby the motor car in which the plaintiffs were travelling was caused to slip and skid and to run off the highway and upset.   Writs dated July 1, 1915.

In the Superior Court the cases were tried together before *Sanderson,* J.   The evidence is described in the opinion.   At the close of the evidence, the defendant asked the judge, in each of the cases, to rule that upon all the evidence the plaintiff was not entitled to recover and to order a verdict for the defendant.   The judge refused to rule or to order verdicts as requested.   The jury

returned verdicts for the plaintiffs, for the plaintiff Selma Zegeer in the sum of $100 for personal injuries and in the sum of $50 for damage to property, for the plaintiff Abraham Zegeer in the sum of $150 for personal injuries and in the sum of $250 for damage to property and for the plaintiff Marianna Kummer in the sum of $2,500 for personal injuries.  The defendant alleged exceptions.

L. C. Doyle, (W. I. Badger Jr., with him,) for the defendant.

D. B. Keniston, for the plaintiffs.

DeCourcy, J.  The plaintiffs were travelling in a motor car from York to Kittery, Maine, and on reaching the top of a hill they came upon a stretch of road which was completely covered with oil or tarvia.  Abraham Zegeer, who operated the car, testified that he could not see the tarvia "until he was right upon it;" that it was very thick and slippery; and that, although he did what he could to stop the automobile, it skidded, struck a stump at the side of the road, and overturned, — causing the injuries for which these actions are brought.

There was evidence that the defendant had sold to the Maine State Highway Commission fifty thousand gallons of tarvia and had agreed to apply the same at irregular intervals on the State highway from Kittery to Biddeford whenever directed to do so by the engineer of the commission.  It was deposited on the road by a motor truck sprayer which was owned by the defendant and was operated by the defendant's employees.  The driver testified that on the morning of the accident he started at Kittery, and had oiled a stretch of road about five thousand feet long when the oil supply gave out; and that while spraying he drove the car at second speed.

Assuming, without deciding, that the driver of the truck was acting under the control of the highway commission in distributing the tarvia on the road, and that the defendant would not be liable for his alleged negligence in spreading too thick a layer (see Cain v. Hugh Nawn Contracting Co. 202 Mass. 237), nevertheless there was evidence for the jury of negligence on its part in failing to properly warn travellers on the highway.  The thick and slippery layer of tarvia covered the entire width of the road, and came to an end at the top of a hill where it could not be seen from approaching vehicles.  The road was left open for travel, with a stretch of half a mile unsanded and unguarded.  It could be

found that the duty of warning the travelling public of this dangerous condition rested upon and was assumed by the defendant. The warning signs belonged to the defendant corporation, and its employees on the truck attended to the placing of them, according to testimony of the chairman of the commission and that of the man in charge of the sanding. The only sign at the York end of the work was one fourteen inches square and about two feet from the ground, and it was placed in the grass two feet outside the road at a point three thousand feet from the place of the accident. It was not seen by the plaintiffs, and the jury could find that it was unsuitable or improperly located for the purpose of warning travellers. Further, no sign was placed where a detour road to Portsmouth left the State highway a short distance before reaching the tarvia covered portion. *Jones* v. *Collins,* 188 Mass. 53. *Stewart* v. *Hugh Nawn Contracting Co.* 223 Mass. 525.

The due care of the plaintiffs apparently is not in dispute; and no complaint is made of the judge's charge. The cases rightly were submitted to the jury.

*Exceptions overruled.*