ELLEN KELLEHER, administratrix, *vs.* CITY OF NEWBURYPORT. SAME *vs.* SAME.

Essex.    March 9, 1917. — June 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Way,* Public: defect. *Evidence,* Matters of common knowledge. *Motor Vehicle. Proximate Cause.*

Extraordinary and unnecessary slipperiness in the surface of a public street in a city, due to its being oiled the day before by the superintendent of streets, may be found to be a defect in the way within the provisions of R. L. c. 51, §§ 17, 18.

It is common knowledge that at present in this Commonwealth a vastly larger number of people travel upon the highways in motor vehicles than in horse drawn vehicles.

The care as to the repair of ways cast upon municipalities by the statutes has reference to all kinds of legitimate travel, including that rightly undertaken in motor vehicles.

If, owing to extraordinary and unnecessary slipperiness of a city street, due to its having been oiled the day before by the superintendent of streets, a motor car driven with due care is caused to skid and strikes a wagon rightfully standing in the way, inflicting upon the driver of the wagon bodily injuries which result in his death, it may be found that such injury and death occurred by reason of a defect in the way, so that actions may be maintained under R. L. c. 51, §§ 17, 18, because the collision with the motor car, happening without fault of the driver of either vehicle, did not break the connection between the defect as a cause and the bodily injuries to the driver of the wagon as a result.

The fact, that the oil above described was applied to the street by the city's superintendent of streets, does not relieve the city of responsibility for the defect on the ground that his negligence was the negligence of a public officer, the city's liability being statutory and founded upon the existence of a defect of which it had notice because it was created by its employees.

The fact, that rain which fell during the night after the application of the oil was

a factor in creating the danger, does not necessarily relieve the city from liability, because it might be found that rain should have been anticipated or that its effect should have been guarded against by warning, sanding or otherwise.

If one suffering from heart disease receives a bodily injury by reason of a defect in a highway, following which his physical condition steadily deteriorates until he dies, and if, at the trial of an action for the loss of his life under R. L. c. 51, § 17, his attending physician gives categorical testimony to the effect that the injury was a sufficient cause for the death, a finding that the loss of life occurred by reason of the defect in the way is warranted, since it may be found that the heart disease was a condition and not a cause of the death.

Two ACTIONS OF TORT under R. L. c. 51, the first under § 18 for personal injury to, and the second under § 17 for the loss of the life of the plaintiff's intestate under the circumstances described in the opinion. Writs dated December 29, 1915.

In the Superior Court the cases were tried before *Dana,* J. The material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings and instructions:

"1. That upon the facts, as alleged in the declaration, and upon all the evidence introduced, the defendant is not liable for the damage done to the plaintiff's intestate.

"2. If the jury find that the accident was caused by the negligence of the superintendent of streets, either in the way the oil was applied or in not sanding afterwards, then the city is not liable."

The judge declined so to rule and instruct. The jury found for the plaintiff in the first action in the sum of $700, and in the second action in the sum of $2,800; and the defendant alleged exceptions.

*H. I. Bartlett,* for the defendant.

*R. E. Burke,* for the plaintiff.

RUGG, C. J.    These two actions are brought to recover for the conscious suffering and death of the plaintiff's intestate, hereafter termed the plaintiff, alleged to have been caused by a defective condition of a highway. There was evidence tending to show that the accident occurred in this way: The plaintiff, a milkman, was watering his horse at a fountain in the street between eight and nine o'clock of a misty morning, when an automobile carefully driven came upon the street and, by reason of the extremely slippery condition of its surface due to its being oiled on the preced-

ing afternoon by those in charge of the defendant's streets, began to skid, could not be controlled, and came into collision with the plaintiff's milk wagon, whereby the plaintiff was injured and subsequently died.

1. There was evidence that the defendant failed in the performance of its statutory duty to maintain the way reasonably safe for travel, and permitted to exist a defect consisting of extraordinary slipperiness in the surface of the street. Mere smoothness and slipperiness of a sidewalk may be a defect. *Cromarty* v. *Boston*, 127 Mass. 329. *Moynihan* v. *Holyoke*, 193 Mass. 26. Oil spread upon the surface of the street, thus rendering it unreasonably slippery, is in no wise distinguishable, so far as concerns the legal principles involved, from the Hyatt lights in issue in these cases. *Zegeer* v. *Barrett Manuf. Co.* 226 Mass. 146.

2. Cities and towns are not required by the law to make special provisions in order to keep all their public ways at all times in condition for the safe passage of automobiles, bicycles and other mechanisms for travel newly devised and unthought of at the time when the statute imposing the general duty as to repairs of ways and liability for defects therein was enacted. But they are obliged to keep their ways reasonably safe and convenient for travel generally, having regard to all the circumstances. Automobiles are recognized by the law as a legal method of travel. Elaborate statutory provisions are made for their registration, for the licensing of those who operate them, and for their management upon public ways. It is common knowledge that at present in this Commonwealth a vastly larger number of people travel upon the highways in automobiles than in horse drawn vehicles. The care as to the repair of ways cast upon municipalities by the statutes has reference to all kinds of legitimate travel, including that rightly undertaken in automobiles. Although special provisions for their safety are not demanded, their presence cannot be ignored. The subject is considered fully in *Doherty* v. *Ayer*, 197 Mass. 241, and need not here be discussed again.

3. There was ample evidence of the due care of the person driving the automobile which struck the plaintiff's wagon. The mere fact that it skidded does not show negligence. *Williams* v. *Holbrook*, 216 Mass. 239. *Loftus* v. *Pelletier*, 223 Mass. 63.

4. If the conduct of the driver of the automobile was cautious,

then his intervention between the defect and the injury would not as matter of law break the direct causal connection between the injury to the plaintiff and the failure of duty on the part of the defendant. *Hayes* v. *Hyde Park,* 153 Mass. 514. *McMahon* v. *Harvard,* 213 Mass. 20.

5. The fact that the oil was spread upon the street under the direction of the defendant's superintendent of streets was important chiefly on the question of reasonable notice to the defendant of the existence of the defect. It was of no consequence whether the defendant was responsible for his negligence or not. The liability of the defendant is founded on its failure to keep its street reasonably safe for travel and to remedy a condition likely to be dangerous. That might be found to exist quite independent of its liability for negligence of its superintendent of streets. *Burditt* v. *Winchester,* 205 Mass. 493. *Pratt* v. *Cohasset,* 177 Mass. 488.

6. If the rain of the night intervening between the oiling and the accident was the factor which created the danger, then it might have been found that the rain should have been anticipated or its effects guarded against by warning, sanding, or otherwise. *Johnson* v. *Worcester,* 172 Mass. 122, 124.

7. There was categorical testimony from the attending physician to the effect that the injury received by the plaintiff was a sufficient cause for his death. This, in connection with evidence as to his steadily deteriorating physical condition after the injury, was sufficient to warrant a finding that the death resulted from the injury. The pre-existing heart disease may have been found to have been a condition and not a cause. *Larson* v. *Boston Elevated Railway,* 212 Mass. 262. *Wiemert* v. *Boston Elevated Railway,* 216 Mass. 598. *Madden's Case,* 222 Mass. 487, 493. If the testimony of the physician was in some respects contradictory, its weight was for the jury.

The requests for instructions were refused rightly.

*Exceptions overruled.*