## FRANK C. PARKER *vs.* COMMONWEALTH.

Hampden.    September 20, 1923. — November 26, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Way,* Public: State highway, defect.  *Commonwealth.  Agency,* Existence of relation, Independent contractor.  *Words,* " Repair."

At the hearing of a petition under G. L. c. 258, c. 81, § 18, for personal injuries alleged to have resulted from a defect in a State highway, the following facts appeared: The injury was due to oil spread upon the highway without being covered with sand or other material and without any means being taken to warn travellers that the way was dangerous.  The oil was spread by means of an oil truck owned and furnished by a corporation under contract with the Commonwealth.  The driver of the truck was paid by the contractor and was in its general employment.  The corporation was to apply the oil under the direction and supervision of a superintendent or foreman.  No official of the Commonwealth in charge of State highway repairs knew that the oil was applied at the place of the accident until a repair agent in the department of public works, who was in charge of repairs on that section, discovered it after the accident to the petitioner.  This agent had given no orders for any oiling to be done, although the night before he had directed the driver of the truck to drive to another point on the road and there await instructions as to where to apply the oil.  The oil was applied without any instructions being given by any official of the Commonwealth.  *Held,* that

(1) The relation of master and servant did not exist between the Commonwealth and the driver of the truck when he applied the oil at the place in question;

(2) There was no evidence that the Commonwealth had knowledge or reasonable notice of any defective condition of the highway before the accident;

(3) Whether the oiling of the surface of the highway in the circumstances above described was a " repair " within the meaning of G. L. c. 81, § 18, was not considered and was not decided;

(4) A finding for the petitioner was not warranted.

PETITION, filed in the Superior Court on February 25, 1918, under G. L. c. 258, c. 81, § 18, for personal injuries alleged to have been sustained by reason of a defect in a portion of the State highway in the town of Beckett known as Jacob's Ladder.

In the Superior Court, the action was heard by *Fessenden,* J., without a jury. Material evidence is described in the opinion. The judge found for the petitioner in the sum of $600 and ordered the case reported to this court for determination. After the resignation of *Fessenden,* J., the action was so reported by *N. P. Brown,* J., the parties agreeing that, if the finding for the petitioner was warranted, judgment should be entered thereon; and that, otherwise, judgment should be entered for the respondent.

The case was argued at the bar in September, 1923, before *Rugg,* C.J., *Braley, DeCourcy, Pierce & Carroll,* JJ., and afterwards was submitted on briefs to all the Justices.

*A. E. Seagrave,* for the Commonwealth.

*J. L. Gray,* for the petitioner.

CARROLL, J. This is a proceeding under G. L. c. 81, § 18, which provides that the Commonwealth shall be liable for injuries sustained by persons while travelling on State highways, if the same are caused by defects within the limit of the constructed travelled roadway, in the manner, and subject to the limitations and restrictions specified in §§ 15, 18, 19 of G. L. c. 84, " except that the Commonwealth shall not be liable for injury sustained . . . during the construction, reconstruction or repair of such highway."

A portion of the State highway had been oiled on the morning of the plaintiff's accident, and on " rounding a blind curve " the automobile in which he was riding suddenly came upon the portion of the highway where the oil had been applied. The oil was not covered with sand or other material and there were no signs giving notice that the way was dangerous. The trial judge found that the plaintiff was in the exercise of due care and the defendant negligent, and found for the plaintiff.

The report states, that the oil was spread on the highway by means of an oil truck owned and furnished by Allen Speare and Sons Company; that " The driver was paid by . . . [this company] and this company was hired by the Commonwealth to apply the oil, under the direction and supervision of a superintendent or foreman. There was no evidence that any official in charge of State highway

repairs knew that the oil was applied until the same was discovered by Mr. Hastings;" that " Harry W. Hastings, repair agent in the Department of Public Works for the Commonwealth of Massachusetts, was in charge of the repairs on this section of the State highway where the accident occurred. He had given no orders for any oiling to be done, although he testified that he intended to apply oil beginning at a point a half mile away from this place. At the time of the accident Mr. Hastings was about a half mile away. He was the foreman and the only man on the job with authority to give orders. There were two men employed on the oil truck, a driver and helper. Mr. Hastings had given orders the night before to the driver to drive to a point on the road called ' Palmer's ' next morning and there await instructions where to apply the oil for resurfacing on the State highway. Mr. Hastings discovered when he arrived next morning . . . that the driver had commenced to apply the oil at a place where no oil was contemplated. He drove easterly in an attempt to overtake the truck, but before so doing came to the scene of the accident."

This statement of facts in the report must be taken to be true. It is evident that the driver of the oil truck was not authorized to oil any portion of the highway until he received his orders from Hastings. Instead of driving to "Palmer's," at which place he was to receive his orders from Hastings where to apply the oil, he proceeded to oil the highway at the place of the accident, contrary to the instructions he had received from Hastings the day before. In so doing the driver acted on his own account. The relation of master and servant did not exist between the Commonwealth and the driver when he applied the oil at the place in question. The oil truck was owned and operated by an independent contractor; the driver was in its general employment, and he was not the servant of the Commonwealth while on his way to the place where he was to meet Hastings and receive instructions where his work was to be done. The truck at the time was wholly under the management of the employee of the contractor. The business of the Commonwealth had

not begun, and in oiling the highway at this place the driver was not in the employment of the Commonwealth and was not its agent.    *Tornroos* v. *R. H. White Co.* 220 Mass. 336.

The report shows that " there was no evidence that any official in charge of State highway repairs knew that the oil was applied until the same was discovered by Mr. Hastings." As the driver of the truck was not the servant of the Commonwealth in oiling the highway, the Commonwealth would not be liable for the defective condition of the highway unless it " might have had reasonable notice of the defect."    G. L. c. 84, § 15.    Assuming that the highway was defective, see *Kelleher* v. *Newburyport,* 227 Mass. 462, the Commonwealth had no knowledge or reasonable notice of the defective condition until after the accident to the plaintiff.    It was not liable, therefore, under the statute.    G. L. c. 84, § 15.

As the plaintiff cannot recover for the reasons stated, we do not consider the question whether the oiling of the surface of the highway was a " repair " within the meaning of the statute.    G. L. c. 81, § 18.

Judgment is to be entered for the defendant.

*So ordered.*