CARL E. PRATT vs. TOWN OF ROCKLAND.

ELIZABETH ALBERTA PRATT vs. SAME.

EVA MALONEY vs. SAME.

Norfolk.　April 9, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Way*, Public: defect.

Without evidence of a violation of G. L. (Ter. Ed.) c. 84, § 6, a town was not liable under § 15 of that chapter for injury to a person whose automobile skidded on the freshly oiled part of a public way, the condition of which was apparent to him, though the way had not been closed nor other means taken to warn the public against entering thereon.

THREE ACTIONS OF TORT. Writs in the Superior Court dated May 15, 1931, in two actions, and May 25, 1931, in the third action.

The actions were tried together before *O'Connell*, J., who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*F. G. Bauer*, for the plaintiffs Pratt.

*I. L. Hoffman*, for the plaintiff Maloney.

*F. J. Geogan & W. D. Coughlan*, for the defendant, submitted a brief.

CROSBY, J. These are actions of tort brought under G. L. (Ter. Ed.) c. 84, § 15, to recover for personal injuries, property damage and medical expenses caused by an alleged defect in West Water Street in the defendant town. At the time of the accident the plaintiff Elizabeth A. Pratt with the plaintiff Eva Maloney as a guest (hereinafter referred to as the plaintiffs) was driving an automobile, the property of her husband, on an errand of her own over said highway. It is recited in the record that with these three actions were tried two other actions, brought by the plaintiffs Pratt against the Colonial Beacon Oil Company for alleged negligence in the operation of a truck which came in contact with

the Pratt automobile at the time and place in question. The trial judge in the present actions ruled that the plaintiff Carl E. Pratt, so far as he sustained property damage, was not barred by any contributory negligence on the part of his wife, and it was conceded that the plaintiff Eva Maloney was not so barred.

The accident occurred on May 28, 1930, at about 2:30 P.M. on a highway in the defendant town between Plain Street and Bowker's Corner. The way, which was laid out in 1854, was fifty feet wide, and was worked for travel for a width of approximately seventeen feet. The accident happened within the portion of the road wrought for travel. On that day the entire section of the street was being oiled, and later sanded, all under the direction of the town highway surveyor, who was personally present intermittently during the morning and afternoon. The town purchased the oil and paid the laborers.. The oil was applied by a machine furnished by the company selling the oil, and the sand was shoveled from piles beside the road. The street runs approximately east and west, and on the morning of the accident the entire southerly half and the northerly half east of a paint shop (shown on a plan attached to the bill of exceptions) had been oiled and sanded. West of the paint shop the northerly half of the road had only been oiled, and the men were engaged in sanding it, beginning at Bowker's Corner. Employees of the defendant's street department testified that this part of the northerly half was oiled in the afternoon, and that as soon as the oil was spread they began to cover it with sand from piles beside the road, and were so engaged at the time of the accident. It was admitted there were no barriers, warnings, or detour signs erected to keep vehicles from the street between Plain Street and Bowker's Corner, or any part thereof, nor watchmen or policemen stationed at any place on the street.

It appears in the record that the Pratt car entered West Water Street at the Rockland depot and continued westerly past Plain Street. On arriving at the paint shop Mrs. Pratt turned to the south onto the sanded portion of the road and continued to the top of a rise at pole 17 shown on the plan,

when she saw on the sanded portion of the road an oil truck approaching, which could have been found by the evidence to have a width of about eight feet. Mrs. Pratt testified that at the paint shop the sand on the right hand side of the road ended, and that she had to turn onto the left hand side; that as she was opposite pole 17 she saw a truck coming; that she then slowed down and proceeded about one hundred to one hundred and fifty feet and then turned onto the tar, all but her left wheels; that she was then going seven or eight miles an hour; that she could not turn any further unless she went completely into the tar, which, she said she knew, would cause her to skid; that when she got opposite the cemetery the truck was abreast of her automobile; that she felt a very slight blow in the rear of her automobile, which threw it into the tar; that it spun around and hit the truck; and that the foregoing is all she remembered. The plaintiff Eva Maloney testified that at the place in the road where the sand ended Mrs. Pratt turned to her left because it was all tar on her right. "There was nothing coming in our direction at that time and we went right along until we came to this rise. When we came over the rise, I saw the truck. I should say that Mrs. Pratt was going twenty or twenty-two miles when she went onto the sanded part of the road but when she swung onto the left hand sanded portion she slowed down, I should think fifteen or eighteen miles." She was asked on cross-examination the following: "There was nothing about the condition as you proceeded along . . . down to the point of the accident [but] that anybody operating a car could see that the road was for part way entirely sanded and tarred and for part way one half was sanded and tarred and the other half had tar on it?" She answered "Just tar." She testified that anybody travelling along could see that. Another guest in the car testified that she did not remember that anything was said by anyone in the automobile at the time Mrs. Pratt turned out. There was evidence that the plaintiffs, instead of attempting to go across Plain Street to Bowker's Corner by way of West Water Street, could have gone by way of Plain and Market streets and Center Avenue and Central Street.

The undisputed evidence shows that on the day the accident occurred the officials of the defendant town had men engaged in spreading oil and sand upon one of its streets. There is no evidence that in doing that work the provisions of G. L. (Ter. Ed.) c. 84, § 6, were not complied with. The fact that the work had not been completed was apparent to the plaintiffs who were injured. The evidence did not warrant a finding that the way was defective, or in want of repair within the meaning of G. L. (Ter. Ed.) c. 84, § 15. That statute does not require that a way shall be closed during construction or repair, nor that other means shall be taken to warn the public against entering thereon, where such construction or repair is apparent to the public. *Cody* v. *Boston,* 258 Mass. 267, 269. "If it be assumed that the way had not been closed and that sufficient means had not been taken by signs, barriers or otherwise to caution the public against entering thereon, if such construction or repair was apparent to the plaintiff she is not entitled to recover." *Pratt* v. *Peabody,* 281 Mass. 437, 440. The case of *Kelleher* v. *Newburyport,* 227 Mass. 462, is distinguishable in its facts from the case at bar.

As the trial judge rightly ordered verdicts for the defendant town, the entry must be

*Exceptions overruled.*