GEORGE BOWMAN, JUNIOR, *vs.* CITY OF NEWBURYPORT.

GEORGE BOWMAN *vs.* SAME.

Essex.    October 9, 1941. — December 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Way*, Public: defect, burning leaves.  *Municipal Corporations*, Liability for tort.  *Public Officer.  Practice, Civil*, Amendment, Interrogation of jury.

Embers, remaining from burning leaves left unattended in the gutter next the curb of a public way in a city on a day when the wind was "blowing quite strong at times," could be found to have been, within

G. L. (Ter. Ed.) c. 84, § 15, a defect in the way causing injury to a traveller burned when a gust of wind blew some of the embers "all over him."

The fact, that a defect in a public way of a city resulted from negligent conduct of a subordinate of a public officer, the superintendent of streets, did not relieve the city of responsibility under § 15 of G. L. (Ter. Ed.) c. 84.

The fact, that the burning of leaves in a public way in a city on a day when the wind was "blowing quite strong at times" was under the direction of the superintendent of streets, warranted findings under G. L. (Ter. Ed.) c. 84, § 15, that, although the superintendent was a .public officer, the city had notice of the existence of a defect consisting of embers left unattended in the gutter next the curb by a subordinate of the superintendent, and that by the exercise of reasonable diligence it might have remedied the defect or prevented injury to a traveller therefrom.

No abuse of discretion by a trial judge appeared in denying a motion to increase beyond $4,000 the ad damnum of a writ in an action under § 15 of G. L. (Ter. Ed.) c. 84 for injuries resulting from a defect in a public way; nor in the denial of a motion to amend the declaration to add a count for negligence at common law; nor in the denial of a motion by the plaintiff for a new trial on the ground that the damages awarded were inadequate; nor in a refusal to interrogate the jury as to whether the ad damnum of the writ influenced them in reaching the amount of their verdict.

TWO ACTIONS OF TORT. Writs in the Superior Court dated December 20, 1939, and April 25, 1940, respectively.

The cases were tried together before *Giles,* J., and, with leave reserved, verdicts were recorded for the plaintiffs in the sums, respectively, of $2,000 and $2,844.70. Thereafter verdicts for the defendants were ordered entered.

*B. F. Thornburg,* for the plaintiffs.

*M. G. Ayers,* City Solicitor, for the defendant, submitted a brief.

Cox, J. These are two actions of tort, tried together. The plaintiff in the first action, a minor, seeks to recover damages for personal injuries, and the plaintiff in the second, his father, to recover for consequential damages. The jury returned a verdict for the plaintiff in each action, but, under leave reserved and subject to the plaintiffs' exceptions, verdicts were entered for the defendant. It is apparent that the declarations are drawn under G. L. (Ter. Ed.) c. 84, § 15, to recover damages for a defect in a public way.

The jury could have found that at about eleven o'clock in the forenoon of November 15, 1939, the minor plaintiff, who was then three and one half years old, while walking on the sidewalk of a public way, was severely burned when a gust of wind blew "all over him" some of the lighted embers of piles of leaves that had been raked into the gutter and burned. It was a "clear, rather cold day but the wind was blowing quite strong at times," and there was no one in attendance at the piles of embers when he was injured. On the day in question, the leaves were raked and set afire under the direction of the defendant's superintendent of streets by an employee of the street department who testified that, after the various piles had burned, and when he "felt" that they were all burned, he swept the ashes and some leaves that had been around the outer edges and had not burned into the gutter and left. No permit had been obtained to set the fire. See G. L. (Ter. Ed.) c. 48, § 13, as amended by St. 1938, c. 204. There were from ten to fifteen piles, and in many instances there would be leaves in the gutter and around the outer edges that would not burn up quickly but would smoulder, and when they were swept into the gutter they would take fire again. At about one o'clock in the afternoon some leaves in the gutter and around the edges of the piles were still smoking; the face and top of the curbstone where the leaves had been burned were "all black," and the burned area was four or five feet out from the gutter and six to ten feet long, "in kind of a circle."

An ordinance of the defendant (G. L. [Ter. Ed.] c. 4, § 7, Thirty-fourth; c. 40, § 21) provides, among other things, that the mayor, subject to the approval of the city council, shall appoint annually a superintendent of streets and sewers who shall have all the powers, perform the duties and be subject to the liabilities and penalties of surveyors of highways and road commissioners. Among others, his duties, therein defined, are that he shall keep the streets clean and in good order and shall remove all nuisances, obstructions and encroachments therein or give notice thereof to the city marshal.

It becomes important to determine first whether the jury were warranted in finding that there was any defect within the meaning of said § 15. In the case of *McCulloch.* v. *Needham*, 217 Mass. 227, the plaintiff was severely burned when he stepped upon a smouldering fire of dead leaves in the highway that was alleged to constitute a defect in the way. But the court did not determine whether a defect existed. We are of opinion that, upon this record, the mere presence upon the highway of the leaves did not constitute a defect, nor did the leaves when raked into piles. But we are of opinion that it cannot be said that the jury could not find that, when these piles were set on fire and left in the circumstances that could have been found, they constituted a defect. *Barber* v. *Roxbury*, 11 Allen, 318, 320. See *Gregoire* v. *Lowell*, 253 Mass. 119, 121; *Adams* v. *Bolton*, 297 Mass. 459, 464; *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, 174. Objects resting upon the surface of a properly wrought way, if of a nature to obstruct travel, have been held to make the way defective. *Griffin* v. *Boston*, 182 Mass. 409, 410, 411, and cases cited. See *Kelleher* v. *Newburyport*, 227 Mass. 462, 465; *Mulvaney* v. *Worcester*, 293 Mass. 32. The case at bar is distinguishable from cases where it has been held that a merely temporary condition, as, for example, where the cover of a manhole is removed while the sewer is being cleaned, is not a defect in the highway. See *Norris* v. *Newton*, 255 Mass. 325, 327, and cases cited. It is also distinguishable from cases where it has been held that the alleged defect was not the direct cause of the injury sustained.

The leaves were raked and burned by an employee of the street department upon the order of the superintendent of streets. The defendant does not contend that the minor plaintiff was contributorily negligent, but it does contend that whatever was done in the case at bar was done by the superintendent of streets who had the powers and duties of a highway surveyor (see G. L. [Ter. Ed.] c. 41, §§ 62, 64, 68) and for whose conduct it is not responsible. However, it is of no consequence whether the defendant is responsible for any negligence of the superintendent of

streets. Its liability in the case at bar is founded upon its failure to keep its streets reasonably safe for travel, and to remedy, upon notice, a condition likely to be dangerous. That might be found to exist quite independently of any liability for negligence of its superintendent of streets. *Barber* v. *Roxbury,* 11 Allen, 318, 320. *Pratt* v. *Cohasset,* 177 Mass. 488. *Kelleher* v. *Newburyport,* 227 Mass. 462, 465.

The question next arises whether the city had, or might have had, reasonable notice of the defect. The work in question was being done under the direction of the superintendent of streets, and this direction included the burning of the piles of leaves. It could have been found that he had notice of the defect that was created and this was sufficient notice to the defendant. G. L. (Ter. Ed.) c. 84, § 15. *Donaldson* v. *Boston,* 16 Gray, 508. *Harriman* v. *Boston,* 114 Mass. 241, 245. *Hinckley* v. *Somerset,* 145 Mass. 326, 337. *Mason* v. *Winthrop,* 196 Mass. 18, 20. *Kelleher* v. *Newburyport,* 227 Mass. 462, 465. See *Lobdell* v. *New Bedford,* 1 Mass. 153.

Upon this aspect of the case it remains to be determined whether it could have been found that the injury to the minor plaintiff might have been prevented, or the defect might have been remedied by reasonable care and diligence on the part of the city. It is to be observed that this is not an action to recover for negligence at common law, and apart from the statute. On the contrary, it is an action to recover because of an alleged defect in the highway. We are not concerned with anything else. See *Pratt* v. *Weymouth,* 147 Mass. 245, 253, 254. We are of opinion that the jury could have found that the injuries might have been prevented or the defect remedied by reasonable care and diligence on the part of the defendant. The defendant must be held to have had notice not only of the creation, but of the existence, of the defect. It was for the jury to say, in the circumstances, whether on the day in question the leaves should have been left with the embers smouldering so that the wind might blow them upon the clothing of a passerby. The very act of creating

the defect carries with it the implication of the necessity of exercising reasonable care and diligence to remedy it or to prevent injuries from it.  *Pratt* v. *Cohasset,* 177 Mass. 488. *Winship* v. *Boston,* 201 Mass. 273, 275, 276.  *Stoliker* v. *Boston,* 204 Mass. 522, 537, 538.

At the beginning of the trial the minor plaintiff moved to increase the ad damnum of his writ.  This motion was denied, subject to his exception.  In the course of the trial the plaintiff in each case filed a motion to amend his declaration by adding a count for negligence at common law. These motions were denied, subject to the plaintiffs' exceptions.  After verdict, the minor plaintiff filed a motion for new trial, alleging as the ground that the damages awarded were inadequate.  To the denial of this motion, he excepted.  After the jury had retired for their deliberation, counsel for the minor plaintiff called the trial judge's attention to the fact that the jury had taken with them the writ in which the ad damnum was·set at $4,000 and stated that he desired to take an exception to this.  Counsel at that time "urged" that the judge, upon the coming in of the jury, if the verdict was $4,000 or under, interrogate them in order to ascertain whether or not the ad damnum in the writ influenced them in any way in arriving at the amount of their verdict.  This request was denied subject to the plaintiff's exception.  The judge in his charge to the jury did not instruct them that the damages that the minor plaintiff was entitled to recover under G. L. (Ter. Ed.) c. 84, § 15, were limited to $4,000.

We are of opinion that there was no error as to these several matters.  Whether the motions to increase the ad damnum should have been allowed, was a matter within the sound judicial discretion of the trial judge.  *Cutter* v. *Arlington Construction Co.* 268 Mass. 88, 92.  The rule is the same in relation to the motions to amend the declarations.  *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519, 524.  And so it is as to the motion for a new trial.  *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348. It does not appear that the minor plaintiff properly saved any exception to "allowing the jury to take the writ."  If

he had, it would not avail him. The judge was not required to interrogate the jury as requested.

The plaintiff in the second action conceded at the argument that he has no right to recover for consequential damages under the highway statute, so called. There was no error in his case and his exceptions are overruled. It follows from what has been said, that it was error to allow the motion for entry of verdict for the defendant on leave reserved in the case of the minor plaintiff, that the exceptions, in this case, must be sustained, and that judgment is to be entered for the plaintiff on the verdict.

*So ordered.*