HELEN DELGADO & another *vs.* TOWN OF BILLERICA & another
(and a companion case [1]).

Middlesex.     November 3, 1948. — December 7, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Way,* Public: defect, tar.

A finding that a town was liable under G. L. (Ter. Ed.) c. 84, § 15, for injuries sustained by a passenger in a taxicab which, as it passed the top of a hill on a public way, suddenly came upon tar or oil freshly spread over the full width of the way and skidded, without negligence on the part of the driver or of the passenger, was warranted where there was evidence that the spreading was done under the supervision of a foreman in the town's street department, that no means were taken by the town to warn travellers approaching as was the taxicab, and that there was nothing in the surroundings to warn them.

The provisions of G. L. (Ter. Ed.) c. 84, § 6, do not imply that oil, tar or other similar substance spread on a public way, if covered within three hours thereafter, cannot be found in any circumstances to have rendered the way defective under § 15.

---

[1] The companion case is by Nunziata Casieri against the same defendants.

Two ACTIONS OF TORT. Writs in the Superior Court dated, respectively, October 1, 1945, and January 25, 1946.

The cases were tried before *Morton*, J.

In this court the cases were submitted on briefs.

*P. H. Ready*, Town Counsel, for the defendants.

*J. A. Miraglia*, for the plaintiffs.

RONAN, J. These are two actions of tort brought against the town of Billerica and George Gunn to recover for personal injuries sustained by the plaintiffs while riding as passengers for hire in a taxicab, operated by Gunn, which skidded on a newly tarred or oiled surface of a public way in the defendant town shortly after one-thirty o'clock on the afternoon of July 9, 1945. The jury returned verdicts for the plaintiffs against the town and in favor of Gunn. The town excepted to the denial of its motions for directed verdicts.

The following findings could be found to be established by the evidence. The taxicab just prior to the accident was travelling upgrade, and until it reached the top of the hill no warning by barriers, signs, or otherwise was given by employees of the town that the surface of the way extending beyond the top of the hill and in the direction in which the taxicab was proceeding had recently been oiled or tarred so that this stretch of the way, as expressed by a witness, was "clear hot tar, . . . it was just like an icy road, like a piece of glass, it was shining hot." The oil or tar was heated to two hundred twenty-five degrees Fahrenheit when it was applied to the road just before noon on the day of the accident. There was nothing about the locus as one approached the tarred portion of the street to indicate seasonably the danger of continuing along the way, as there was in *Cody* v. *Boston*, 258 Mass. 267, 269, and *Pratt* v. *Peabody*, 281 Mass. 437, 440. Here the jury could find that the tar or oil had been spread the entire width of the road and that a traveller would reach the tarred or oiled area before he had any reasonable opportunity of avoiding the perils with which he was suddenly faced.

The way was being tarred or oiled under the supervision of a foreman in the street department of the town and consequently the town had notice of the condition of the way,

*Mason* v. *Winthrop,* 196 Mass. 18, *Bowman* v. *Newburyport,* 310 Mass. 478; and a recently tarred or oiled road could be found to be unsafe and inconvenient for ordinary travel, *Adams* v. *Bolton,* 297 Mass. 459, and therefore defective. *Zegeer* v. *Barrett Manuf. Co.* 226 Mass. 146. *Kelleher* v. *Newburyport,* 227 Mass. 462. See also *Shearman* v. *State,* 181 App. Div. (N. Y.) 912, affirmed 223 N. Y. 550; *Kirchner* v. *State,* 223 App. Div. (N. Y.) 543; *Sporborg* v. *State,* 226 App. Div. (N. Y.) 113; *McIntosh* v. *Jefferson County,* 273 N. Y. 466.

The charge being full and complete as stated in the bill of exceptions, it is assumed that the jury found, as they properly could, that the plaintiffs were not guilty of contributory negligence, that their injuries were not caused by the negligence of Gunn, but that the defective condition of the way was the sole cause of the accident. *Carroll* v. *Lowell,* 321 Mass. 98, and cases cited.

The defendant town argues that it has complied with G. L. (Ter. Ed.) c. 84, § 6, which, in so far as material, provides that "Any public way which has been spread with tar, oil or similar substance, shall, within three hours thereafter, be covered with sand, gravel, peastone or other similar material in such manner as to render the way safe for travel," and provides a penalty for its violation. It contends that the statute determines what is reasonable as to the period when sand or other material should be applied, and that it was not negligent if it had not covered the tarred area before the prescribed period. We do not agree. The statute makes it unlawful not to cover the oiled or tarred surface within three hours. It does not state in terms or by necessary implication that the oil or tar does not render the road defective if it is covered within the period last mentioned. It does not purport to amend or affect G. L. (Ter. Ed.) c. 84, § 15, which deals generally with liability for defects in the way. See *Rogers* v. *Newport,* 62 Maine, 101. If the Legislature intended that the oil or tar should not constitute a defect until it was permitted to remain uncovered for three hours, it would have been easy to have said so. The statute differs from Rev. Sts. c. 25, § 22, pro-

viding that a condition should not constitute a defect unless shown to have existed for twenty-four hours prior to the time the traveller was injured. *Drake* v. *Lowell,* 13 Met. 292. *Day* v. *Milford,* 5 Allen, 98. *Flanders* v. *Norwood,* 141 Mass. 17. In *Pratt* v. *Rockland,* 294 Mass. 444, the condition of the way was obvious to all the plaintiffs as they continued to travel to the place of the accident. In the instant case, the jury could find that the spreading of the oil or tar rendered the way defective, and that the town negligently failed to give seasonable warning to travellers as to the dangerous condition of the way just beyond the top of the hill.

*Exceptions overruled.*