RITA TOSCHES *vs.* TOWN OF SHERBORN.

Worcester. September 27, 1960. — November 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Way,* Public: defect, tar. *Negligence,* Contributory. *Evidence,* Of value.

Evidence, that the operator of an automobile on a public town way not closed to travel noticed a sign saying "Construction . . . ahead. Go slow" and a sanded condition of the left side of the road, that the right side of the road was black and looked "just the same as the roads . . . [the operator] had been travelling on," whereas actually the right side had been recently tarred by the town, and that the automobile skidded on the tarred surface and was damaged, warranted findings that the tar was a defect within G. L. c. 84, § 15, which was not so obvious as in itself to furnish a warning to the operator and that the town had not taken "sufficient means to caution the public against entering" the tarred side of the road; and did not require a ruling that the operator was guilty of contributory negligence. [361–362]

At the trial of an action for damage to an automobile, there was no error in permitting the plaintiff owner to testify as to the value of the automobile before and after it was damaged.   [362]

TORT.   Writ in the Superior Court dated August 22, 1958. The action was tried before *Vallely, J.*

*Daniel F. Featherston, Jr.,* for the defendant.

*David Rosen,* for the plaintiff.

WILLIAMS, J.   The plaintiff seeks to recover for personal injuries and damage to her automobile caused by skidding on a freshly tarred section of Western Avenue in Sherborn on October 24, 1957.   There was evidence that the plaintiff was driving in a northerly direction at from thirty to thirty-five miles per hour.   She saw a sign on the easterly side of the road ''Danger.   Construction 500 feet ahead.   Go slow,'' and reduced her speed to twenty or twenty-five miles per hour.   She proceeded for some distance and then noticed that the west or left side of the road had been sanded. The right side of the road on which she was travelling was black and looked ''just the same as the roads she had been travelling on.''   It was wet from the rain which had been falling.   In fact it had been recently tarred and when her car reached the tarred surface it swerved to the left into one or more cement posts.   The plaintiff introduced the report of an auditor, who had found in favor of the plaintiff. The judge denied motions of the defendant for directed verdicts and for the entry of verdicts for the defendant under leave reserved.   The jury returned verdicts for the plaintiff.   There were exceptions by the defendant to the denial of these motions, to the admission of the auditor's report, to a ruling on evidence as to property damage, and to the judge's charge.   None of them can be sustained.

The recently spread tar could be found to have constituted a defect in the way under G. L. c. 84, § 15.   *Zegeer* v. *Barrett Mfg. Co.* 226 Mass. 146.   *Delgado* v. *Billerica,* 323 Mass. 483.   See *Adams* v. *Bolton,* 297 Mass. 459, 464. Since the town was itself doing the surfacing there is no question of it having notice of the road's condition.   The way admittedly had not been closed to northerly travel and

the issue presented is whether the town had taken "sufficient means to caution the public against entering" that portion of the road which was being repaired. G. L. c. 84, § 15. This was a question of fact to be determined by the jury. It cannot be held that the defect was so obvious that as matter of law it furnished a warning to travellers that the road was under repair. *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267, 271. Compare *Compton* v. *Revere,* 179 Mass. 413; *Pratt* v. *Rockland,* 294 Mass. 444. The plaintiff could be found to have been in the exercise of due care. While, unlike the facts in the *Zegeer* and *Delgado* cases, there was a safe part of the road which could have been used by the plaintiff, the cautionary sign did not indicate the nature of the construction which was being carried on and the particular hazard to be avoided. It could not be ruled that the plaintiff was negligent in not perceiving the tarred surface and turning out on the sanded part of the road.

We need not recite in detail the numerous objections made by the defendant to the judge's charge. An examination of the charge discloses no error. The auditor's report was admissible. The findings of subsidiary facts amply supported the ultimate findings.

There was no error in permitting the plaintiff to testify to the value of her car before and immediately after the accident. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503–505. *Rubin* v. *Arlington,* 327 Mass. 382, 384. *Willey* v. *Cafrella,* 336 Mass. 623, 624–625.

*Exceptions overruled.*