ARTHUR FORTIN *vs.* CITY OF GARDNER.

Worcester. April 8, 1964. — May 4, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Way*, Public: defect. *Snow and Ice.*

In the circumstances, an actionable defect within G. L. c. 84, § 15, did not exist in a street in front of a business block in a city by reason of a continuous windrow of snow, ice, sand and other materials, about three feet wide and two feet high, located approximately two feet from the sidewalk, which was created early one morning through breaking up and piling by a grader of a "congealed mass" accumulated on the street over a period of several weeks and which "was . . . to be picked [up] by a loader"; and the city was not liable to one familiar with that street who had seen the windrow and a grader not in use and who, while attempting to reach the sidewalk from the street one or two hours after the creation of the windrow, stepped on a sandy spot at the top of the windrow and was injured in a fall when "the sand and snow and ice caved in under him."

TORT. Writ in the Superior Court dated January 22, 1962.

The action was tried before *Cahill, J.*

*Seymour Weinstein* for the plaintiff.

*Eugene O. Turcotte,* for the defendant, submitted a brief.

CUTTER, J. Fortin brings this action to recover for injuries resulting from a fall on Main Street in Gardner on

February 1, 1961. The city claimed an exception to the denial of its motion for a directed verdict. After a verdict for Fortin, the trial judge reported the case, expressing uncertainty whether "an actionable defect existed . . . and . . . whether . . . [Fortin] was, as a matter of law," guilty of contributory negligence. The evidence is stated in its aspect most favorable to Fortin.

Fortin was sixty-seven years old at the time of the accident. He was employed in Gardner. On the day of the accident he arrived by motor vehicle "in front of the J. B. Carbone store at approximately 6:45 a.m." He "stopped there almost every morning." That morning, as he had done in the past, he was to deliver papers to the store. "[A] congealed mass [of snow, ice, paper, oil, grease, and sand] had accumulated on the sides of Main Street" over a period of several weeks. "[N]othing had been done to remove . . . this congealed mass until the day of the accident," when, earlier that morning, a city employee "had been using a grader . . . to break up the frozen mass . . . and had pushed . . . [it] into a pile or windrow . . . about three feet wide and two feet high tapering towards a point at the top, and . . . located in the street approximately two feet from the sidewalk."

The Carbone store was in the center of a block about 225 feet long. "[T]he grader made a continuous pile along Main Street." This pile "was . . . to be picked [up] by a loader." The mass in front of this particular block "had been broken up and piled from one to two hours prior to . . . the accident."

Fortin, as he entered Gardner that morning, had seen the continuous windrow approximately one quarter of a mile before he reached the Carbone store and had passed a grader not in use some distance from the store. Although there was evidence that a driveway had been cleared about 150 feet from the store, Fortin and another witness testified that they had not observed it.

Fortin stepped out of the motor vehicle opposite the store. "[H]e saw no way of getting onto the sidewalk except over

the windrow of snow and ice.'' Accordingly, ''he picked a spot which appeared . . . to have about seven inches of solid sand at the top of the windrow'' and to be firm and stepped on it. As he did so ''the sand and snow and ice caved in under him and he went down and struck against the curb of the sidewalk.'' He was seriously injured. There were no holes or breaks in the surface of the street. The street lights were on at the time of the accident.

An auditor, whose report (findings not final) was in evidence, found for the city. He had concluded that the city was not negligent in making the windrow, and that it did not constitute a defect in the street.

We assume that objects resting upon a way may constitute a defect under G. L. (Ter. Ed.) c. 84, § 15,[1] even if the surrounding roadway itself is not defective. See *Bowman* v. *Newburyport,* 310 Mass. 478, 481. As to accumulations of snow and ice, see G. L. c. 84, §17,[2] and predecessor provisions, *Stanton* v. *Springfield,* 12 Allen, 566, 569–570; *Hutchins* v. *Boston,* 12 Allen, 571, 572; *Street* v. *Holyoke,* 105 Mass. 82, 84–85; *Carville* v. *Westford,* 163 Mass. 544, 557. See also *Newton* v. *Worcester,* 174 Mass. 181, 187–188; *Bailey* v. *Cambridge,* 174 Mass. 188, 196–197; *Mahoney* v. *Worcester,* 265 Mass. 94, 96–97 (accumulation of gravel and cinders in addition to ice and snow may cause a way to be not ''otherwise reasonably safe . . . for travelers''); *Johnson* v. *Orange,* 320 Mass. 336, 337.

The congealed mass of ice, snow, and other materials which had existed for some time had been broken up and piled that very day. It was in the process of removal. The

[1] Section 15 reads in part, ''If a person sustains bodily injury . . . by reason of a defect or a want of repair . . . in or upon a way, and such injury . . . might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the . . . city . . ., he may, if such . . . city . . . had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . ., recover damages therefor from such . . . city . . . .''

[2] Section 17 reads, ''A . . . city . . . shall not be liable for an injury or damage sustained upon a public way by reason of snow or ice thereon, if the place at which the injury or damage was sustained was at the time of the accident *otherwise* reasonably safe and convenient for travelers'' (emphasis supplied).

work was being carried out in the early morning hours, and the windrow was at most a temporary obstacle. Fortin had observed the windrow and the grader. The circumstances made it apparent that the city was engaged in the type of winter street clearing operation familiar to residents of New England. Fortin stopped near the place of the accident almost every morning, so he could hardly have failed to realize that the accumulation was in the process of removal.

General Laws c. 84, § 15, "does not require that a way shall be closed during construction or repair . . . [or] that other means shall be taken to warn the public against entering thereon, where such construction or repair is apparent to the public. *Pratt* v. *Rockland,* 294 Mass. 444, 447. See *Pratt* v. *Peabody,* 281 Mass. 437, 439–440. See also *Norris* v. *Newton,* 255 Mass. 325, 326–327 (temporarily open manhole, although guarded by a city employee, treated as a "transitory defect"); *Mulvaney* v. *Worcester,* 293 Mass. 32, 34 (steam roller left standing at edge of highway temporarily not a defect for which city liable unless the injury could have been prevented by reasonable care). Cf. *Cragg* v. *Boston,* 311 Mass. 547, 549 (jury could find sidewalk defect not apparent); *Delgado* v. *Billerica,* 323 Mass. 483, 485–486; *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267, 270–271 (unguarded defect in a street crossing); *Tosches* v. *Sherborn,* 341 Mass. 360, 361–362 (where a question of fact existed whether the defect, there a newly tarred road, was so obvious that, as matter of law, it furnished a warning). In circumstances like those now presented, reasonably apparent snow removal operations come within the principle of *Pratt* v. *Rockland, supra.* Obstructions temporarily but reasonably created in the course of such operations in themselves do not give rise to liability under c. 84, § 15. We think that there is no evidence that these operations were not being conducted by the city in a proper manner, at a reasonable hour, and with due diligence. No evidence is set forth which is adequate to control the findings of the auditor. In breaking up and piling such a congealed mass

of material, it was to be expected that the temporary pile would not be solid in all places. A city must have reasonable freedom of action in the conduct of such clearing operations and, in the absence of more than here appears, cannot be held liable for injuries occasioned by obvious temporary obstacles to travel arising during such work.

In the circumstances, no actionable defect existed. A verdict should have been directed for the city. The verdict is to be set aside. The entry must be

*Judgment for the defendant.*