ANNA M. ROCKWELL *vs.* PATRICK McGOVERN.

Suffolk. December 8, 1908. — May 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Of contractor building subway under highway, *Res ipsa loquitur.* *Way.* *Evidence*, Relevance and materiality. *Practice, Civil,* Variance.

At the trial of an action against a contractor who, under a contract with the Boston transit commissioners by the terms of which he was responsible "for any injury which" might "result from his act or neglect," was constructing a tunnel for the city of Boston under various public streets, to recover for an injury received by the plaintiff in midwinter because a sidewalk upon which he was walking caved in, the caving being alleged to be due to the fact that the defendant negligently performed his work under the sidewalk, there was evidence tending to show that in the construction of the tunnel, which passed beneath the place where the sidewalk caved in, the sidewalk had been taken up by the defendant and an excavation had been made, which was refilled and the sidewalk replaced two or three weeks before the accident, and that in the summer preceding the

accident there had been a " slump " of the soil at about the same place. *Held*, that the doctrine of *res ipsa loquitur* was applicable, and that there was evidence warranting the jury in finding that the accident was caused by the negligent manner in which the defendant had refilled the excavation and relaid the sidewalk.

At the trial of an action by one, who was injured in midwinter by the caving in of a sidewalk on a public street, against a contractor who in the course of constructing a subway had taken up the sidewalk, had made and refilled an excavation under it and had relaid the sidewalk, the plaintiff contending that the caving in of the sidewalk was due to the negligent way in which the contractor did his work, evidence that in the summer preceding the accident the bank of earth at the excavation " slid " is admissible as tending to show the character of the soil at that point.

A declaration alleged that on a day in winter the plaintiff was a traveller on a certain public street, " that the defendant was engaged in excavating beneath the surface of the street . . . and so carelessly and negligently carried on his work by his servants and agents that he permitted the sidewalk . . . to drop, so that the plaintiff . . . fell into said hole or opening caused by the said negligence of the defendant." The evidence introduced by the plaintiff showed that the work of the defendant under the sidewalk had been completed two or three weeks before the accident. *Held*, that there was no variance between the pleading and the proof.

TORT. The declaration alleged that on December 31, 1906, the plaintiff was a traveller on Hanover Street near the corner of Friend Street in Boston, " that the defendant was engaged in excavating beneath the surface of the street at said corner and so carelessly and negligently carried on its work by its servants and agents that it permitted the sidewalk at said corner to drop, so that the plaintiff, while in the exercise of due care, fell into said hole or opening caused by the said negligence of the defendant." Writ in the Municipal Court of the City of Boston dated March 1, 1907.

On appeal to the Superior Court, the case was tried before *Hardy*, J., and there was evidence tending to show that on December 31, 1906, the plaintiff was walking on Hanover Street on the left hand side of the street, proceeding toward Washington Street, and that, when she arrived at the corner of Friend Street and was about at the middle of the sidewalk of both Friend and Hanover Streets and was walking along in the ordinary way, the sidewalk " caved in," the plaintiff went down about to her knees and fell over upon the sidewalk. It appeared that about two or three weeks before the accident the defendant had taken up and relaid the sidewalk at the place where the plaintiff was injured, in the course of building a portion of a

tunnel for the city of Boston under a contract, some of whose provisions were as follows:

"All the work contemplated and described in this contract shall be done to the satisfaction of the engineer, who shall be sole judge as to the fitness of materials, and shall have the right of correcting any errors or omissions in the plans and specifications, when such correction is necessary for the proper fulfillment of their intention; the action of such correction to date from the time that the engineer gives due notice thereof."

"The engineer shall not be deemed to be the agent of the commission or the city for any purpose whatsoever, and shall have no power, direction, or control over the work embraced in this contract, except as herein expressly set forth, or as may hereafter be voted by the commission. The engineer shall have power, without further authority from the commission: to condemn all work which in his opinion is not done in accordance with this contract and specifications, or is not done to his satisfaction; . . . but such power and authority shall be confined to the direction or specification of what is to be done under this contract, and shall not extend to the actual execution of the work, which shall be in the control of the contractor, and for which the contractor alone shall be responsible."

"Whatever method or plan is made use of in any part of the work or whoever is employed to do the underpinning, the Contractor shall not thereby be relieved of any of his responsibilities under this contract."

"The contractor shall be responsible for any injury which may result from his act or neglect. He shall exercise skill and great care in carrying on his excavation and other operations, and shall take suitable measures to prevent injury to buildings, the subway and other structures in or near the route of the tunnel."

"The contractor shall repave the street on a gravel base, and shall keep the surface over and along the trench and other excavations in a safe, neat, and satisfactory condition, and at its proper grade, for a period of one year after the work contemplated in this contract is finished, and shall be responsible for any accident that occurs on account of the defective condition of such surface. (See Article T.) "

" The contractor shall assume and have sole charge and possession of all the work included in this contract until the termination thereof, and shall be solely liable for all damage occasioned in any way by his act or neglect, or that of his agents, employees, or workmen, or of any person or persons in and about the work embraced in this contract."

" Article Q.    The contractor shall indemnify and save harmless the city and commission, its and their officers and agents, from all suits or claims, of every name or description, brought against the city or commission, or its or their officers and agents, for or on account of any injury or damages to person or property received or sustained by any person or persons, by or from the contractor, his servants or agents, in or on account of work done under this contract or extensions of or additions thereto, whether caused by negligence or not, or by or in consequence of any negligence in guarding the same, or any materials or explosives for the same, or by or on account of any improper materials used in its construction, or by or on account of any accident, or of any act or omission of the contractor or his agents; and the contractor further agrees that so much of the money due to him under this agreement as shall be considered necessary by the commission may be retained until all such suits or claims for damages as aforesaid have been settled, and evidence to that effect furnished to the satisfaction of the commission."

" Article T.    If, at any time before twelve months have elapsed from the date of the completion of the work contemplated in this contract and any amendment thereof or order for extra work as herein provided, any part shall, in the opinion of the engineer, require repairing, the engineer may notify the contractor, in person or by mail, to make the required repairs.    If the contractor neglects to make such repairs promptly, to the satisfaction of the engineer, then the engineer may employ other persons to make the same and the expense thereof shall be paid by the contractor.    The commission may cause the expenses of the repairs to be paid out of any money due the contractor on account of this contract."

At the close of the plaintiff's evidence the defendant requested the presiding judge to rule that (1) " Under all the evidence and pleadings in the case the plaintiff cannot recover in this

action "; and (2) that "there was no evidence of negligence of the defendant contributing to the plaintiff's injury." The presiding judge refused to make the rulings requested. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. O. Garner*, for the defendant.

*G. P. Beckford*, for the plaintiff.

MORTON, J. There was evidence warranting a finding that the plaintiff was in the exercise of due care. She was a traveller upon the highway with nothing in the apparent conditions of the sidewalk to call for anything more than ordinary care on her part, and it could be found and must have been found that she was exercising the degree of care required of her.

There was also evidence which warranted a finding that the accident was caused by the negligent manner in which the defendant had refilled the excavation and in which he had relaid the brick. There was evidence warranting the jury in finding that if the excavation had been properly filled and the brick properly laid the accident would not have happened. The case was especially one for the application of the doctrine of *res ipsa loquitur*. For a statement of the doctrine, see *Thomas* v. *Boston Elevated Railway*, 193 Mass. 438, 440.

Evidence of the "slide" or "cave in" which occurred in the summer was admissible as tending to show the nature of the soil and as bearing in that way upon the degree of care required in refilling the excavation.

We do not construe the declaration as alleging that the defendant was engaged in the work of excavation at the time of the accident, but as meaning that at some time he had been so engaged and had so negligently carried on the work as to permit the sidewalk to drop and that the plaintiff fell into the hole thereby caused. So construed, there was no variance between the pleadings and the proof.

*Exceptions overruled.*