Timothy F. Cunningham, administrator, *vs.* T. A. Gillespie Company.

Suffolk.    March 8, 1922. — April 20, 1922.

Present: Rugg, C.J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Way,* Public: defect. *Negligence,* Of contractor upon highway.

A contractor who, under a contract with the Boston Transit Commission, has constructed a tunnel under a highway of Boston which was open for travel during the progress of the work, and on June 26, 1917, has completed his work and has received a certificate from the chief engineer of the commission to the effect that the work called for in the contract then substantially was completed, only some minor matters remaining to be cleared up, in the absence of any evidence tending to show that he was called upon after June 26 to make any repairs on the highway or had control of the premises at any time thereafter, cannot be held liable in an action by the administrator of the estate of a traveller who was injured on October 17, 1917, by reason of a defect resulting from the contractor's work, even although the defendant's superintendent knew of the defect and the defendant under his contract with the commission was bound to keep the sidewalk during the progress of the work in the same condition it was in when the work was begun, was responsible during that time to the city of Boston for any accident arising from the unsafe condition of the surface of the street or sidewalk and was to keep the sidewalk in a safe condition for travel for the period of six months after the completion of the work.

TORT for personal injuries received by the plaintiff's intestate by reason of an alleged defect in a sidewalk near the corner of West Broadway and Dorchester Avenue in that part of Boston called South Boston.  Writ dated February 20, 1918.

In the Superior Court, the action was tried before *Aiken,* C. J. Material evidence and exceptions saved by the defendant are described in the opinion.  There was a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

*R. C. Curtis,* for the defendant.

*S. L. Bailen,* (*T. D. Sullivan* with him,) for the plaintiff.

CARROLL, J.  The plaintiff's intestate was injured on October 17, 1917, by reason of a defect in the sidewalk near the corner of West Broadway and Dorchester Avenue, South Boston.  In 1916 the defendant obtained a contract for building a section of the Dorchester tunnel in the vicinity of the accident, and in November of that year began the undertaking.  The contract was awarded by the Boston Transit Commission.  Its secretary testified that according to the records of the commission the defendant completed its work under the contract June 26, 1917, and the certificate of the chief engineer was executed on that date.  It stated that the work called for in the contract with the defendant was then substantially completed, although some minor matters were to be cleared up.  There was no evidence that the defendant did any work on the sidewalk or tunnel after that date.  The plaintiff contended that the sidewalk was defective by reason of the defendant's negligence and was left in this condition when the defendant ceased to work on the tunnel.  As we construe the record the highway was open for travel during the progress of the work and has been open continuously since June, 1917.

In the Superior Court the action was tried together with an action brought by the same plaintiff for the same accident against the city of Boston, in which a verdict was rendered for the defendant.  In the action against this defendant the jury found for the plaintiff.

The defendant excepted to the refusal of the trial judge to give certain requests, to a portion of the instructions given to the jury, and to the refusal to grant its motion for a directed verdict.

Assuming that the contract between the defendant and the Boston Transit Commission was properly admissible in evidence;

that under the contract the defendant was bound to keep the sidewalk during the progress of the work in the same condition it was in when the work was begun; that it was responsible during this time to the city of Boston for any accident arising from the unsafe condition of the surface of the street or sidewalk and was to keep the sidewalk in a safe condition for travel for the period of six months after the completion of the work; — at the time when the plaintiff's intestate was injured, October 17, 1917, the defendant had ceased to labor under the contract; the work was no longer under its supervision; the tunnel had been accepted by the transit commission; the defendant's contract had been practically completed in June, 1917, and the care of the street above the tunnel was in the exclusive control of the city of Boston. The defendant of course remained bound to the Boston Transit Commission according to the terms of his contract, but after June 26, 1917, when the engineer's certificate of completion was given, it had no further control over the sidewalk. This control was in the city of Boston upon which rested the duty of keeping the highway safe and convenient for travel. The control having ceased, the responsibility to travellers upon the highway, and to third persons also ceased. See as bearing on this principle *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47, where the owner was held not liable to third persons for the original condition of the roof when the control had passed to a tenant. In *Glynn* v. *Central Railroad,* 175 Mass. 510, where a car of the defendant had come into the possession of another railroad, *Holmes,* C. J., speaking for this court said: " . . . commonly the liability is held to end when the control of the object is changed." See also *Thomas* v. *Lane,* 221 Mass. 447. The same rule has been applied where recovery has been sought by a third person for the negligence of a contractor when the injury occurred after the work had been finished and accepted by the owner. *Daugherty* v. *Herzog,* 145 Ind. 255. *Curtin* v. *Somerset,* 140 Penn. St. 70. *Winterbottom* v. *Wright,* 10 M. & W. 109, 115. *Necker* v. *Harvey,* 49 Mich. 517. *First Presbyterian Congregation* v. *Smith,* 163 Penn. St. 561. The plaintiff relies on *Zegeer* v. *Barrett Manuf. Co.* 226 Mass. 146, and *Rockwell* v. *McGovern,* 202 Mass. 6. These cases are to be distinguished. In *Zegeer* v. *Barrett Manuf. Co.* the agents of the defendant were applying tarvia on the State highway. The tarvia

was slippery and covered the entire width of the road, coming to an end at the top of a hill where the condition of the highway could not be seen from approaching vehicles. It was held that the duty of warning travellers of the dangerous condition of the highway rested upon and was assumed by the defendant. The warning signs belonged to the defendant and its employees were supposed to place them where the public could see them; and for its neglect in this respect it was held that the jury could find the defendant liable. In *Rockwell* v. *McGovern,* it did not appear that the defendant's work of excavating for the tunnel was finished or was accepted or that the responsibility for the care of the highway had passed to the city when the plaintiff was injured.

The defendant's responsibility for the condition of the sidewalk is not to be inferred from the fact that the defect was reported to Myers, its superintendent. If the defendant's liability for the safety of the highway had ceased because of its completion of the contract and the general acceptance of its work, the knowledge of the superintendent of the defective condition would not make the defendant liable.

In our opinion the request "The acceptance by the city of Boston upon June 26, 1917, of the work to be done under the contract relieves this defendant of liability in this action" should have been given. The secretary of the transit commission testified that he had no date for the completion of the work other than that of June 26, 1917, and the certificate expressly states that the defendant had on that date substantially completed the work called for in the contract. Although some minor matters remained to be completed no time was fixed when this was to be done. There is nothing to show that the defendant was ever called upon to prosecute or make any repairs on the sidewalk or had control of the premises at any time subsequent to the acceptance of the work. In our opinion the defendant's motion for a directed verdict should have been given.

*Exceptions sustained.*