ESTHER RASKIN *vs.* JOHN McCOURT COMPANY.

Suffolk.    January 12, 1927. — January 14, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* In repairing public way.    *Evidence,* Presumptions and burden of proof.

A verdict for the defendant properly was ordered at the trial of an action by a traveller upon a city street for personal injuries received when the plaintiff stumbled on a log alleged to have been negligently left in the way by the defendant, a contractor employed by the city at work at or near the place of the accident, where there was no evidence to show whether the log belonged to the defendant, was placed there by the defendant, or was in any way connected with the defendant.

TORT.   Writ dated November 15, 1923.

In the Superior Court, the action was tried before *Hammond*, J.   Material evidence is stated in the opinion.   By order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*D. Short*, for the plaintiff.

*W. I. Badger*, for the defendant.

BY THE COURT.   This is an action of tort to recover for personal injuries sustained by the plaintiff while crossing a public highway in the city of Boston.   Answers of the defendant to interrogatories were put in evidence to the effect that the defendant company was employed by the city of Boston at or about the time of the plaintiff's accident to do work at or near the place where the plaintiff was injured; that the officer of the defendant who made the answers did not know how the accident to the plaintiff happened; that every precaution was used to safeguard pedestrians; and that the condition of the street and sidewalk at that time was passable and properly guarded.   The testimony of the plaintiff was that as she was crossing the street she tripped and fell over a log in the travelled part of the street five or six feet from the curbstone; that shortly before her accident she had seen workmen carrying and using logs similar to the one over which she tripped, but that the street for a considerable time prior to her injury had been undergoing repairs.   At that time she thought it was all finished and perfectly smooth except for the log, and that, at the time of the accident, she did not see any men working in the street or anybody around in the vicinity.

There is nothing in the record to show whether the log belonged to the defendant, was placed there by the defendant, or was in any way connected with the defendant.   There was, therefore, no ground for finding that the plaintiff's injury was caused by the defendant's negligence.

*Exceptions overruled.*