*Northern District*

No. 5271 and 5271-A

**JOHN A. DONAHUE**
and
**RUTH C. DONAHUE**
v.
**I. WHITMAN STEPHENS**
and
**TIMOTHY F. SWEENEY**

(July 8, 1959)

*Present:* Gadsby, P. J., Eno and Brooks, JJ.

Case tried to *Parker, J.,* in the Third District Court of Eastern Middlesex. No. 1152 and 1153 of 1958.

*Brooks, J.* These are two separate actions of *tort* in which plaintiffs seek recovery for property damage to their house and furnishings located at 11 Bartlett Avenue, Lexington, Mass., against defendant, Stephens, the builder of the house, and against defendant Sweeney, a heating sub-contractor employed by Stephens to install a heating unit and oil burner.

Count I of the declaration against Sweeney alleges substantially that plaintiffs' dwelling

and its contents were severely damaged as a result of the negligence of defendant's agents or servants in installing an oil burner and its pertinent parts. Count 2 of the declaration alleges substantially that defendant Sweeney engaged to install the heating unit and oil burner, failed to obtain a certificate of completion as required by Rule 10 of the Rules and Regulations of the Department of Public Safety, such certificate having been refused by the Fire Department of the town for failure to comply with its orders; that regardless of such refusal to approve, defendant fixed the boiler and oil-burner unit, concealing from plaintiffs his failure to obtain approval; that as a result of defendant's violation of law and failure to comply with orders of the Fire Department, plaintiff's property, both real and personal, was severely damaged. Defendant Sweeney answered General Denial, contributory negligence, statute of limitations, lack of contractural relations between himself and plaintiff, assumption of risk by plaintiffs; and that the damage was due to intervening negligence of a person employed by plaintiffs to service the heating system.

In an amended declaration against defendant Stephens, plaintiffs alleged substantially that Stephens sold them the dwelling at 11 Bartlett Avenue; that defendant caused to be installed therein an oil burner; that defendant knew or should have known that the oil burner was improperly installed, that as a result of defendant's negligence the dwelling

and its contents were severely damaged. Defendant Stephens answered General Denial and contributory negligence.

On January 8, 1957, defendant Sweeney filed an application for a permit to install a fuel oil burner at 11 Bartlett Avenue, Lexington. Shortly thereafter, defendant Sweeney entered into an oral agreement with defendant Stephens, to install an oil fired hot air heating system in the house which Stephens was constructing at 11 Bartlett Avenue, later sold to plaintiffs. The agreement did not include electrical work.

Sometime in April, 1957, Sweeney and his employees commenced the installation of the heating system. At that time, the basement floor was unfinished, except for a small cement slab which had been put there by defendant Stephens to serve as the base for the furnace. At the time the parties contracted for the purchase, the house was being framed and the basement was wide open. Subsequently, a partition was built separating the furnace room from the chimney which was located in a so-called playroom.

Stephens requested Sweeney to place the furnace on the slab above mentioned, as there wasn't much space in the furnace room and a hot water heater was to be placed behind the furnace. The hot water heater had to be connected to the chimney by a smoke pipe.

Sweeney completed installation including the furnace, oil burner, tank, duct work, safety controls, and a portion of the smoke pipe, but the portion of the smoke pipe lead-

ing through the partition wall to the chimney, was not connected. The completion of the entire job was prevented because it was necessary for Stephens to open a hole in the partition wall between the furnace and the playroom, and through the wall of the chimney. Sweeney did no further work on the job and in the early part of May, 1957, received from Stephens, a check in full payment of his services.

At the time Sweeney left the job, the electricity had not been connected.

June 19, 1957, defendant Sweeney filed a certificate of completion with the Fire Department. On the same day, plaintiffs signed an agreement with defendant Stephens for the purchase of the house. Papers were passed July 19, 1957.

On July 8, 1957, Captain Glenn of the Fire Department inspected the oil burner installation which he approved, except that he objected to the smoke pipe which was approximately 13 feet long, — 3 feet longer than the maximum length permitted by the building by-laws of the town.

Captain Glenn telephoned Sweeney and told him the smoke pipe was too long and suggested that a test be taken before a permit was issued, and if the draft was sufficient, the installation would be approved. Glenn testified that he never was able to make an appointment with Sweeney.

Stephens testified that toward the end of June, or early July, 1957, he learned that the smoke pipe had not been approved by the

Fire Department, and he so notified Sweeney, who, according to Stephens' testimony, promised to take care of it. Sweeney, in fact, did not take care of it.

Stephens testified that he never started up the system, nor did he know who did start it. He testified that he had put the hole in the partition wall in the chimney for the smoke pipe leading from the furnace. He stated that he did not install the remainder of the smoke pipe nor did he know who did.

There was evidence that the Arlex Oil Corporation first delivered oil to the premises on July 18, 1957, and continued deliveries up to February 18, 1958. Captain Glenn testified that no permit to store fuel oil in excess of 10 gallons had been granted to anyone with regard to the premises in question prior to February 18, 1958. Plaintiff testified that they had never obtained a permit to store fuel oil prior to February 18, 1958.

Plaintiffs testified that on 2 occasions they called a service man of the Arlex Oil Corporation because of the smell of oil, — the last time being January 10, 1958.

Plaintiffs testified that they had never contracted with Sweeney, never called him to service the oil burner, and had no relations whatsoever with him, nor did they have any conversations with him prior to April, 1958.

On February 18, 1958, plaintiffs returned home about 6:45 p.m. They found that the damper had been blown off the smoke pipe, and smoke was coming out of the damper. They found smoke and soot throughout the

house. A serviceman from the Arlex Oil Corporation was called and made repairs. Subsequently, one Johnson was called. He came to the premises on the 18th or 19th of February, the following day. He made tests and repairs. He returned February 24, took the system apart, cleaned out the duct work. He testified that he found a considerable amount of soot in the basement and the duct work. He found a "solid soot of what we call fly ash or unburned oil" in the smoke pipe. Johnson testified at some length on the technical elements in the situation and more especially with regard to the draft which he said was not sufficient to comply with rule 60 of fire prevention regulations, also that in his opinion the smoke pipe did not have a sufficient pitch, and that "the sole cause of the condition he found was insufficient draft."

Rule 60 above referred to provides "a boiler or furnace in which an oil burner is installed shall be connected by a smoke pipe to a flu which has sufficient draft to assure safe operation of the burner."

Defendant Sweeney made the following requests for rulings, which with the court's disposition thereof were as follows:

1. The evidence warrants a finding for the defendant. *Denied.*

2. The evidence does not warrant a finding for the plaintiffs. *Denied.*

3. The evidence warrants a finding that the defendant never had any dealings of any nature with the plaintiffs. *Granted.*

4. No evidence was presented by the plaintiffs to this

court as to the negligence of the defendant. (*Boyle v. Cambridge Gas Light Co.*, 331 Mass. 56). *Denied.* (*See Findings supra*).

5. No evidence was presented by the plaintiff's to this court as to latent and concealed defects, nor was there any evidence of a fraudulent concealment by the defendant as to any concealed defects. *Denied. The Defendant certified that he had tested the heating system, and that it was in proper operating condition which was not true and the defendant knew it was not true.* (*See Findings supra*).

6. No evidence was presented by the plaintiffs to this court that the heating system as installed by the defendant was inherently dangerous. *Granted, but the request is immaterial to the issues raised in the case.*

7. No evidence was presented by the plaintiffs to this court that the heating system and other appurtenances thereto were constructed of improper and defective design, material, and workmanship by the defendant. *Denied.* (*See Findings supra*).

8. The evidence warrants a finding that the plaintiffs accepted the premises in question, including the heating system installation therein; had exclusively controlled, maintained, operated, and used the said heating system installation over an extended period of time. (*Cunningham v. T. A. Gillespie Co.*, 241 Mass. 280.)

[Court:]

*There was evidence that the defendant Sweeney did not complete the installation of the heating system.* (*See Findings supra*). *There was no evidence that he was prevented by any person from completing the installation.*

9. The evidence warrants a finding that the defendant was prevented from completing the heating system installation.

[Court:]

*There was evidence that the defendant Sweeney did not complete the installation of the heating system. (See Findings supra). There was no evidence that he was prevented by any person from completing the installation.*

10. The evidence warrants a finding that the plaintiffs assumed the responsibility of correcting any failures in the heating system installation and by doing so assumed the risk of any damages resulting therefrom.

*There was evidence that the plaintiffs called in their oil dealer and service man to remedy a complaint of smell of oil, but there is not evidence to warrant a finding that the plaintiffs assumed the responsibility of correcting any failures in the heating system or that they attempted to do so prior to 18 February 1958.*

11. The evidence warrants a finding that the defects alleged by the plaintiffs were not the proximate cause of the damages suffered. *Denied.*

12. The evidence warrants a finding that the plaintiffs, their agents, servants, and independent contractors were guilty of contributory negligence. *Denied.*

13. The evidence warrants a finding that the defendant was an independent contractor; that the heating system installation had been accepted by the builder; that as a result thereof the defendant is not liable to the plaintiffs for any damage caused by alleged defects in the heating system. (*Ford v. Sturgiss,* 14 F2d 253; *Cunningham v. T. A. Gillespie Co.,* 241 Mass. 280.

[Court:]

*Denied. The defendant Sweeney made a false certificate that the heating equipment had been tested and was in proper operating condition which was untrue. The defendant Stephens learned that the installation was not approved and told the defendant Sweeney of this prior to the plaintiffs' taking possession, and the de-*

*fendant Sweeney said he would take care of it which he did not do. (See Findings supra).*

14. The plaintiffs had a duty to take emergency measures at the time they discovered the oil burner was functioning improperly and cannot recover for damages suffered after they become aware that the oil burner was not operating properly. (*Brian v. B. Sophen & Sons, Inc.,* 314 Mass. 180).

*Denied. The Plaintiffs took measures to correct the odor which came into the premises. Other than this, there was no evidence that the plaintiffs had knowledge that the oil burner was not operating properly.*

## Defendant Stephens made the following requests for rulings which with the court's disposition thereof were as follows:

1. The evidence does not warrant a finding that the defendant, I. Whitman Stephens, was negligent. *Denied.*

2. As a matter of law, there was no evidence that the defendant, I. Whitman Stephens, was negligent. *Denied.*

## The relevant parts of the court's findings and rulings are as follows:

"The court finds that the defendant Sweeney did not install the smoke pipe, although he certified under the provisions of G. L. c. 148 and regulations thereunder that he had done so and that it had been tested and was in proper operating condition, which was not true, and the defendant knew it was not true. The smoke pipe installed by the defendant Sweeney was never approved as required under G. L. c. 148, and regulations thereunder before the 18th of February, 1958, because it was too long. The defendant Sweeney knew of this, but did nothing about it, nor did he inform the defendant Stephens or the plaintiffs of this fact. The court finds that the installation of the heating system was defective, and that the defendant Sweeney knew of this fact.

The court finds that the defendant should have known

that the heating system had not been approved under G. L. c. 148 before the 18th of February, 1958, that it was defective, and that he did nothing about it, nor did he notify the plaintiffs of that fact.

The court finds for the plaintiffs in the case of *Donahue v. Stephens*, No. 1152 of 1958, in the amount of $2885, with interest from the 19th of July, 1957.

The court finds for the plaintiffs in both counts in the case of *Donahue v. Sweeney*, No. 1153 of 1958, in the amount of $2885 with interest from the date of the writ.

The plaintiffs are to have one execution only."

The court had ample evidence upon which to find that an adequate cause of the accident was a defective smoke pipe. Apparently it was too long and not properly tilted. Therefore, whoever was responsible for this condition is responsible to plaintiff in damages.

There was no basis for finding plaintiff contributorily negligent, nor was there such intervening negligence of persons employed by the plaintiffs to relieve defendants of liability.

The court was clearly right in finding defendant Stephens liable. It would, perhaps, have been more logical for plaintiff to have proceeded in contract rather than tort. The vendor of an article impliedly agrees that it shall be fit for the purpose for which it is to be used. A dwelling improperly equipped with heating apparatus is not fit for occupancy. However, we have here tortious conduct on the part of Stephens, who, knowing that the heating equipment had not been approved, and that it was defective, deliberately concealed the fact from plaintiff at the

time the property was sold to him. Since neither in brief nor argument did defendant raise any question about the form of action, we assume he has no quarrel with the findings and rulings on that score. Plaintiffs' objection to the findings is primarily that the court came to the wrong conclusion as to the facts. There was evidence upon which the court could have found as it did against Stephens, — therefore, the finding must stand. *Carmichael v. Carmichael,* 324 Mass. 118, 119; *Fraser v. Fraser,* 336 Mass. 597, 601.

In the case against Sweeney, the situation is different. Sweeney had no contact of any kind with plaintiff. He was an independent contractor. He was found, and justifiably so, to have made false statements regarding the approval of his work. He was notified by a member of the Fire Department that the smoke pipe was too long, but that if the draft proved sufficient, the installation would be approved. Sweeney did nothing about the situation.

Defendant Stephens testified that on learning that the smoke pipe had not been approved, he notified Sweeney who promised to take care of the situation, but did in fact, nothing.

The evidence did not disclose who connected the smoke pipe except that Sweeney did not do it. What he did was to follow Stephens' order to place the heater on a cement slab from which the smoke pipe was to lead to the chimney. Stephens directed Sweeney to place the furnace on a cement

slab which he, himself, had placed there to serve as a base for the furnace. Sweeney installed the furnace, oil burner, tank, duct work, safety controls, and a portion of the smoke pipe, but the portion of the smoke pipe leading to the chimney, was not connected. The completion of the job was prevented because it was necessary for Stephens to open a hole in the partition wall between the furnace and the chimney and through the wall of the chimney itself.

Sweeney, should, of course, have been familiar with the regulations regarding length of smoke pipe. He should have advised Stephens that the site selected for the furnace was too far away from the chimney. Instead of this, he placed the furnace upon the cement base, erected part of the smoke pipe, or had it ready, — then, for reasons which do not appear, quit the job. Nevertheless, he was paid in full for his services.

Nothing that Sweeney did directly involved damage to plaintiff outside of placing the furnace too far from the chimney. His making a false certificate of completion was not the cause of plaintiff's damage.

Defendant argued with cogency that the negligence of defendant Sweeney was not the proximate cause of damage. The proximate cause was the installation of the smoke pipe which Sweeney did not install. From April to February, the control of the heating system was out of the hands of defendant Sweeney. Several workmen performed work affecting

the heating installation after the defendant Sweeney.

An independent contractor is not liable for injuries to a third person occuring after the contractor has completed the work, and turned it over to the owner. *Cunningham v. Gillespie,* 241 Mass. 280, and cases cited. There was error in denying defendant's first request.

*The finding against Sweeney is to be vacated and judgment entered for defendant.*

*In the case against Stephens, the Report is to be dismissed.*

William J. Conboy, of West Roxbury, for the Plaintiffs.

Willard, Peterson & Goodspeed, Louis A. D'Angio and Cameron of Boston, for the Defendants.