No. 65990

**RUTH MARCUS**

v.

**CITY OF BOSTON, ET AL**

Argued: Oct. 28, 1966.  Decided: Dec. 8, 1966.

*Present:* Adlow, C.J., Glynn, Canavan, J.J.
Case tried to *Morrissey, J.*

*Canavan, J.* This is an action of tort to recover damages for personal injuries suffered when she fell on Harvard Street in the Dorchester district of the City of Boston. The defendant's answer is a general denial and the statute of limitations.

*At the trial there was evidence tending to show that* on February 1, 1962 after 8:00 p.m. the plaintiff was driven by a friend to her destination at 39 Harvard Street. It was dark, but a clear night and there was a street light in front of number 39 Harvard Street. The vehicle stopped, double-parked, in front of 38 Harvard Street, and the plaintiff got out by the right rear door, walked around the back of the car and *fell into a hole.* She described the hole as being about three feet wide, eight feet long, and five to six inches deep with dirt, gravel and stone in the bottom and with a sharp break between the bottom and the surrounding road surface of blacktop. The vehicle in which the plaintiff was riding had entered upon Harvard Street "quite a few blocks" away from the

point of the accident, at which point she saw that the road was dug up and saw wooden horses and flashing lights. After the vehicle crossed a bridge, there were no signs of construction and there were no wooden horses or lights at the place where she fell.

Hugh Nawn, Inc. (Nawn) was added as a party defendant by an order of notice dated April 7, 1965. Defendant Nawn's answers to interrogatories were introduced in evidence and indicated that the defendant under a permit from the City of Boston had dug a trench on Harvard Street to install an underground line for the New England Telephone and Telegraph Company. The work commenced on January 8, 1962, and on the day of the accident the trench had been dug and refilled. There was no evidence that the permit applied to that part of Harvard Street where the accident occurred or that any work was performed at that place.

The defendant Nawn, duly made certain requests for rulings and claims to be aggrieved in the denial of the following requests:

"1. The evidence does not warrant a finding that the defendant Hugh Nawn, Inc. was negligent."

"2. The evidence does not warrant a finding for the plaintiff."

"5. General Laws, Chapter 231, Section 51 does not permit a party to be added as a party defendant after the statute of limi-

tations has run against said party. *Chandler* v. *Dunlop*, 311 Mass. 1, 7.''

The court made the following findings of fact:

''I find the plaintiff was in the exercise of due care and that she received the injuries complained about in this case as a result of a fall in a hole on a public way. I find that the hole in which the plaintiff fell constituted an actionable defect. I find that both defendants were negligent.''

The court found against the City of Boston and Hugh Nawn, Inc. Only the case of *Ruth Marcus* v. *Hugh Nawn, Inc.* is here on appeal. Although the report describes the defendant as ''Hugh Nawn'', the defendant should be described as ''Hugh Nawn, Inc.'' (See plaintiff's Motion for Order of Notice and amended written declaration.)

██  The burden is upon the plaintiff to prove by direct evidence or by fair inference from the facts disclosed by the evidence that the hole where the plaintiff fell was caused by the defendant Nawn, or a person for whose conduct the defendant was liable. *Jabbour* v. *Central Construction Co.*, 238 Mass. 453; *Wagman* v. *Morse*, 320 Mass. 462.

██  There is no evidence here that the permit granted to defendant Nawn by the City of Boston to dig the trench to install underground lines applied to that part of Harvard Street where the accident ocurred or that the defendant

performed any work at the place where the plaintiff fell.

The plaintiff testified that she saw the road was dug up and saw wooden horses and flashing lights on Harvard Street "quite a few blocks" away from the point of the accident, and that after crossing a bridge there were no signs of construction and no wooden horses or lights at the place where she fell.

The fact that the defendant Nawn had done some work on Harvard Street is not sufficient to warrant a finding that it created the hole where the plaintiff fell.

It is enough to say that the evidence did not warrant a finding that the defendant Hugh Nawn, Inc. was negligent.

In view of the conclusion reached it need not be determined whether the plaintiff is barred by the statute of limitations.

**Finding for the plaintiff vacated. Finding to be entered for defendant.**

David W. Woods of Boston for Defendant Hugh Nawn, Inc.

Adlow, C.J., concurring:—

I concur in the above but desire to add the following considerations with respect to the applicability of the statute of limitations to the facts in issue.

In this action the plaintiff seeks to recover for injuries sustained when she fell on an alleged defect on Harvard Street, Dorchester. The accident took place on *February 1, 1962.*

By writ dated *February 28, 1962* the plaintiff brought suit against the City of Boston for the alleged defect. When the cause was reached for trial on *March 25, 1965* the plaintiff moved to amend the writ by adding as party defendant Hugh Nawn, Inc., a contractor, which allegedly had done work in the neighborhood of the locus of the accident under a permit issued by the City of Boston prior to the accident. It is stated in the report that there is no evidence that the permit applied to that part of Harvard Street where the accident occurred or that any work was performed at that place. However, this aspect of the report becomes immaterial in view of considerations involving the applicability of the statute of limitations to the cause so far as it concerns the contractor, Hugh Nawn.

The court properly ruled that the evidence requires a finding that the statute of limitations had run as against the defendant Nawn, at the time it was added as a party. Having so ruled there was a duty on the court to deny the plaintiff recovery against said Nawn. While it is true that necessary parties may be added by amendment regardless of whether the statute of limitations has run, G.L. c. 231, § 51, the privilege is restricted to situations where the amendment is necessary to enable the plaintiffs to sustain the action for the cause for which it was intended to be brought. *Genga* v. *Dir. Gen. of R.R.*, 243 Mass. 101; *Baton* v. *Walker*, 244 Mass. 23; *Shapiro* v. *McCarthy*, 279 Mass. 425;

*Chandler* v. *Dunlop,* 311 Mass. 1, 7; *Potter* v. *John Dean Division, etc.,* 344 Mass. 420. In this cause there was no substitution of parties. In finding for the plaintiff against both the City of Boston and the contractor, it is clear that the amendment did not perfect the plaintiff's claim as originally brought against the City of Boston, but added another party against whom the plaintiff made a separate claim. The amendment provided an additional party, but not a substituted party.

Having properly ruled that the statute of limitations had run as against the defendant Nawn, it was error for the court to render a finding against this defendant.

ARNOLDY, KLINE & PORTNOY
   of Boston for the Plaintiff

DAVID W. WOODS
   of Boston for defendant Hugh Nawn, Inc.