Banks, J.
This is an action in tort brought by plaintiff Jeannette A Bradstreet to recover damages from AR. Belli, Inc. and the City of Revere for injuries she sustained in a fall on a public sidewalk on Broadway in Revere, Massachusetts. The plaintiffs claim against the City of Revere was severed for trial and is not before this Division.
The plaintiffs action against defendant AR. Belli, Inc. was based solely on the defendant’s execution of a contract to perform certain repair work at the site of the plaintiffs accident The plaintiff alleged that as she was walking along Broadway, she became momentarily distracted by certain brightly colored, painted markings on the sidewalk pavement which drew her attention away from an uneven section of sidewalk curbing upon which she then tripped and fell. The plaintiff’s complaint states that the defendant was negligent in permitting these confirsing markings to be made or to remain on the sidewalk and in failing to erect barriers or post warnings of dangerous sidewalk conditions.
Both parties filed DisL/Mun. Cts. R. Civ. P., Rule 56 motions for summary judgment. In defendant’s answers to plaintiffs interrogatories and in affidavits submitted in support of the defendant’s Rule 56 motion, it was averred that on February 7,1986, the defendant executed a contract with the Department of Public Worksofthe Commonwealth of Massachusetts for road and sidewalk reconstruction along a 1.4 mile stretch of Broadway and Pleasant Street in Revere which included the site of the plaintiff s fall. At the time of the plaintiffs July 16,1986 accident, however, the defendant had not yet begun work on the sidewalk in question, and neither the defendant, nor its agents or employees, was or had been in, or near, the area at that time. The defendant contends, therefore, that it was not in control of, or responsible for, the sidewalk area on the date of the plaintiffs accident
With respect to the painted sidewalk markings, the defendant averred that it merely satisfied the requirements of G.Lc. 89, §40 by issuing notice of its proposed work in the area to the state agency which administers the public utility underground damage prevention system (“Dig Safe Program”); that Dig Safe then discharged its G.Lc. 176, §40D obligation to notify all public utility companies of the defendant’s proposed *200 excavation work; and that utility company employees then painted various markings on the sidewalk indicating the location of underground lines to prevent inadvertent damage to the lines when the defendant began its excavation work. The defendant argues that it did not make any sidewalk markings, and that it had no control over the agents or employees of the utility companies who did paint the location markings to protect their underground facilities.
In support of her summary judgment motion, the plaintiff submitted an affidavit of counsel which recited that in “interviews” with unidentified state engineers and the Secretary of Transportation, plaintiffs counsel “heard that the defendant had control of the accident area.”[1] The plaintiff also argued that, pursuant to various provisions of both the defendant’s State contract for public way reconstruction and regulatory standards governing such contract, the defendant’s execution of the contract automatically constituted an immediate assumption of all control of, and responsibility for, the public ways in question.
The trial court denied the plaintiffs Rule 56 motion, allowed the defendant’s motion and entered summary judgment for the defendant The plaintiff now claims to be aggrieved by the court’s rulings and judgment.
There was no error in the trial court’s allowance of the defendant’s Rule 56 motion. The defendant was entitled to summary judgment in its favor as the plaintiff demonstrated no connection in fact or law between her mishap and any culpable act or omission by the defendant. See,e.g., Manna v. Diebold, Inc., 337 Mass. 754, 755 (1958); Raskin v. John McCourt Co., 258 Mass. 301, 302 (1927).
It is the most elementary principle of tort law that there can be no actionable negligence in the absence of a breach of duty. Dolan v. Boston & Maine R.R., 328 Mass. 532, 535 (1952); Union Old Lowell Nat'l Bk. v. Paine, 318 Mass. 313, 324-325 (1945); Newlin v. New Eng. Tel. & Tel. Co., 316 Mass. 234, (1944); Theriault v. Pierce, 307 Mass. 532, 533 (1941). The obligation to exercise reasonable care in the maintenance of land is generally visited upon owners and occupiers. Mounsey v. Ellard, 363 Mass. 693 (1973). A duty to keep land designated as public ways in a condition reasonably safe for travelers is statutorily imposed upon state and municipal authorities. G.Lc. 84, §§1,15. See also Johnson v. Orange, 320 Mass. 336, 337 (1946); Himelfarb v. Brookline, 19 Mass. App. Ct. 980, 980-981 (1985). Builders or contractors who are engaged by owners or governmental authorities to perform repairs or other work upon land become obligated to exercise reasonable care to avoid harm to third parties only when they assume control over the area in which they are working. It is axiomatic that the duty to exercise reasonable care, and any liability in negligence for breach of such duty, are functions of control over the time, place and condition of a defective area or dangerous instrumentality. There can be no liability in negligence absent defendant’s control. See generally, Silvia v. Woodhouse, 356 Mass. 119, 123-124 (1969); Kurtigian v. Worcester, 348 Mass. 284, 285 (1964); Hopkins v. F.W. Woolworth Co., 11 Mass. App. Ct. 703, 705-706 (1981).
Based on these familiar principles, it is clear that the defendant could not be found liable in this action for the plaintiffs mishap for a number of reasons. With respect to affirmative acts or conduct, [see as to contractor’s duty, Piontek v. Joseph Perry, Inc., 342 Mass. 342, 343 (1961); Rockwell v. McGovern, 202 Mass. 6, 10 (1909)], the plaintiff has failed to identify any negligent contract work or other act performed by the defendant which could have caused her injuries. Compare, e.g., McDonough v. Whalen, 365 Mass. 506 (1974); Bulpett v. Dodge Assoc., Inc., 5 Mass. App. Ct. 593 (1977). The record is devoid of any suggestion that the defendant created the only actual sidewalk defect alleged by the plaintiff, namely, the uneven section of sidewalk curbing. Further, even if it were assumed arguendo that the sidewalk markings constituted a potential danger or hazard, it remains uncontroverted that such markings of under *201 ground utility lines were not made by the defendant or by anyone under the defendant’s control.
With respect to the issue of actionable omissions, there is no basis in the record for the plaintiffs contention that the defendant was negligent in failing to post warnings of alleged sidewalk defects. Again, no duty devolved upon the defendant to remedy or warn against hazards neither created by it, nor within its area of control. Valade v. Consolidated Builders Inc., 3 Mass. App. Ct. 519, 521 (1975). See also, Moore v. Worcester Insul. Co., 338 Mass. 44, 46 (1958); Cunningham v. T.A. Gillespie Co., 241 Mass. 280, 282 (1922). The plaintiff has failed to advance any facts or evidence to challenge specific, uncontroverted averments that the defendant had not commenced any repair work on this sidewalk, was not even in or near the area on the date in question and had assumed no control over the public way.
Eschewing traditional tort analysis, the plaintiff posits an alternative proposition with respect to the issue of control which is both erroneous in law and predicated on inapposite provisions of the defendant’s State repair contract and the 1973 Standard Specifications for Highways and Bridges of the Massachusetts Department of Public Works. The plaintiff argues that upon the defendant’s simple execution of the contract, it automatically and immediately assumed complete control over and responsibility for the public ways in question and became liable for all injuries sustained irrespective of cause or fault. Such invalid proposition would impose a duty upon a contractor, greater than that of the controlling municipality, to inspect and maintain all contract areas prior to commencement of contract operations and to be strictly liable for damages or injuries sustained in such areas independent of any evidence of the contractor’s negligence. See, e.g., Marcus v. Boston, 36 Mass. App. Dec. 1, 4-5 (1966) (issuance of city excavation permit to defendant contractor neither proved per se that defendant had actually performed work at location of plaintiff s fall, nor relieved plaintiffs burden of proving that she fell in a hole excavated by the defendant or someone under his control).
The contract clauses and regulatory standards advanced by the plaintiff do not support the plaintiffs clearly erroneous proposition. Many of the cited provisions relate, inter alia, to the defendant’s obligations to procure liability insurance, notify public utilities etc. in preparation for the commencement of contract operations, and are wholly immaterial to any question of access to or control over the sidewalk area. The remaining provisions cited by the plaintiff directly contradict her primary contention as they impose upon the defendant duties in relation to public safety and control of the area only “in the performance of this contract,” “in connection with the performance of the work,” and “during the prosecution of the work.” The defendant’s freedom from liability for injuries sustained in contract areas prior to the defendant’s commencement of contract performance is in fact expressly set forth in Section 7.14 of the 1973 Standards.[2] The section states, in relevant part:
17.14 Responsibility for Damage Claims . The Contractor shall indemnify, defend and save harmless the Commonwealth, the Department, the municipality... against all suits, claims or liability of every name and nature, for or on account of any injuries to persons... arising out of or in consequence of the acts of the Contractor in the performance of the work covered by the Contract or failure to comply with the terms and conditions of said Contract ... but only in respect of such injuries or damages sustained during the performance...oftheworkcoveredbvtheContract . [Emphasissupplied].
*202 In short, the plaintiff has failed to advance any specific facts demonstrating the existence of a material issue relative to the defendant’s alleged liability which would require atrial of this matter. The record in its entirety is devoid of any suggestion that the plaintiffs injuries were causally related to any act or omission of the defendant, or that the defendant owed, much less breached, any duty of care to the plaintiff.
The trial court’s allowance of the defendant’s motion for summary judgment is affirmed. Report dismissed.

 The defendant did not move to strike this defective averment which was predicated on inadmissible hearsay. See Madsen v. Erwin, 395 Mass. 715 (1985).

This provision may be deemed dispositive despite the failure of either party to cite or argue Section 7.14 to this Division. Bond Bros., Inc. v. Robinson, 393 Mass. 546, 552 (1984). In the absence of any statement by the trial court of its reasons for allowing the defendant’s summary judgment motion, proper consideration may be made of any ground supporting the court’s rulings. Cody v. Plymouth-Carver Reg. School Dist., 17 Mass. App. Ct. 211 (1983).